# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**OBAMA FOR AMERICA, et al.,**

    **Plaintiffs,**

  **v.**

**JON HUSTED, in his official capacity As Ohio Secretary of State, et al.,**

    **Defendants.**

**Case No. 2:12-CV-00636**

**Judge Peter C. Economus**

**ORDER DENYING MOTION FOR STAY**

---

In a September 7, 2012 filing, Defendant Secretary of State Jon Husted moved this Court to stay its August 31, 2012 Order pending resolution of the matter on appeal. (Doc. # 54.) Plaintiffs Obama for America, *et al*., filed a response in opposition. (Doc. # 57.) Although Defendant did not move for an expedited order, this Court construed his motion as such and condensed briefing on the issue. (*See* Order, doc. # 55.)

**I.**

In its August 31, 2012 Opinion, this Court ordered as follows:

> Further, this Court hereby orders that the State of Ohio through Defendant Secretary of State Jon Husted is enjoined from implementing or enforcing Ohio Revised Code § 3509.03 in Amended Substitute House Bill 224 and/or the Substitute Senate Bill 295 enactment of Ohio Revised Code § 3509.03 with the Amended Substitute House Bill 224 amendments; and
>
> It is further ordered that in-person early voting is restored on the three days immediately preceding Election Day for all eligible Ohio voters. And specifically, for the purposes of the 2012 General Election, this Order restores in-person early voting to all eligible Ohio voters on Saturday, November 3, 2012; Sunday, November 4, 2012; and Monday, November 5, 2012. This Court anticipates that Defendant Secretary of State will direct all Ohio elections boards to maintain a specific, consistent schedule on those three days, in keeping with his earlier directive that only by

> doing so can he ensure that Ohio's election process is "uniform, accessible for all, fair, and secure.

(Opinion and Order, doc. # 48, page 23, emphasis omitted.) Defendants Secretary of State Jon Husted and Ohio Attorney General Mike DeWine filed an appeal on September 4, 2012. Now, Defendant Husted seeks a stay of that Order, until resolution of the appeal by the Sixth Circuit Court of Appeals or the United States Supreme Court. Citing to the "unique" public interest concerns of "voter confusion" and "voter reliance," Defendant Husted states:

> Absent a stay, the Secretary will be required to set uniform hours for early in-person absentee voting during the last three days for all voters. But if the Sixth Circuit or the Supreme Court reverses this Court's decision, the Secretary will be required to change those hours because early in-person absentee voting by non-UOCAVA voters will have to end on the Friday before Election Day. Non-UOCAVA voters may be confused by those changing hours.

In the alternative, Defendant Husted seeks a stay that permits him a "reasonable period of time to choose a schedule" that comports with his commitment to "uniform, accessible for all, fair, and secure" elections. (*Id.*, page 5.) Otherwise, "there is real concern that county boards of elections will begin issuing early in-person absentee voting schedules for the three-day period before the Secretary can issue a uniform schedule." Defendant Husted does not specify how much time would be "reasonable."

## II.

As noted recently by the Sixth Circuit, "[t]he issuance of a stay pending appeal is not a matter of right, but an exercise of judicial discretion." *Green Party of Tennessee v. Hargett*, 2012 WL 3241679 (6th Cir., August 9, 2012) (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009)) (internal quotation marks omitted). In exercising that discretion, a court considers four

2

factors: (1) whether the party which seeks or would benefit from a stay has made a strong showing that he is likely to succeed on the merits; (2) whether the party favoring a stay will be irreparably injured if the stay does not issue; (3) whether issuance of a stay will substantially injure other parties to the proceeding; and (4) where the public interest lies.  *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also Summit County Democratic Central and Executive Committee v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004) (citation omitted).

Of these four factors, the first two—likelihood of success on the merits of the appeal and irreparable injury to the appealing party—are the most critical.  *Nken*, 556 U.S. at 434.  However, "[t]o justify the granting of a stay . . . a movant need not always establish a high probability of success on the merits."  *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (citing *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987)).  Even so, the movant is "still required to demonstrate at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted."  *Family Trust Found. of Ky., Inc. v. Kentucky Judicial Conduct Comm'n*, 388 F.3d 224, 227 (6th Cir. 2004) (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)).  As the Sixth Circuit emphasized, "the demonstration of a mere 'possibility' of success on the merits is not sufficient, and renders the test meaningless."  *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987) (citing *Mason County Medical Ass'n v. Knebel*, 563 F.2d 256, 261 n.4 (6th Cir. 1977) and *In re DeLorean*, 755 F.2d at 1228-29).

**III.**

Although he acknowledges the applicability of the four-factor test to his request for stay, (Motion, page 4), Defendant Husted pays little to heed to that test's factors and requirements.[1] As a result, this Court must deny his motion.

Defendant Husted declines to address factors one and two, and therefore, he demonstrates neither "serious questions going to the merits" nor "irreparable harm that decidedly outweighs the harm that will be inflicted on others" absent a stay. *See Family Trust, supra.* Defendant Husted's neglect of these two factors is fatal to his request, *see id.,* but for the sake of completeness, this Court reviews the remaining factors.[2]

Defendant Husted argues that a stay would not harm Plaintiffs "as there will be sufficient time after the appeal to establish a uniform schedule for early in-person absentee voting on the three days in question should the Sixth Circuit and the Supreme Court uphold the preliminary injunction upon expedited consideration." (*Id.*, page 5.) Defendant Husted does not specify what he believes to be "sufficient time," although presumably he is confident that whatever time is available after the appeals process will be enough. This Court is not convinced, in part

---

[1] Defendant Husted states that, the four-part test notwithstanding, "unique 'public interest' concerns . . . justify a stay." (Motion, page 4.) He does not provide any relevant case law in support of his alternative "unique public interest" standard, although at the end of that paragraph he cites to *Miller v. Brown,* 465 F.Supp.2d 584 (E.D. Virginia 2006). In *Miller*, a political party brought a declaratory judgment action against state elections board officials on the constitutionality of Virginia's "open primary" statute. The district court granted summary judgment in part and granted defendants' motion for stay pending appeal. Notably, the *Miller* court applied the traditional four-part test.

[2] It is possible that Defendant Husted intended to argue irreparable harm when he referred to "significant administrative difficulties" that would arise absent a stay. (Motion, page 5.) However, Defendant Husted does not describe those "difficulties" nor how those difficulties would be "significant." Further, he does not explain how administrative difficulties equate to irreparable harm.

because of its concern that an appeal that speculatively reaches the Supreme Court will not be resolved in time for the 2012 General Election. Further, Defendant Husted does not fully explain—or explain at all—what processes he could put quickly into place to ensure Plaintiffs' right to vote in person through the Monday before Election Day, should the appeals process be contrary to his position. Without such explanation, Defendant Husted's argument regarding this factor is weak, at best.

Defendant Husted focuses almost exclusively on what amounts to the fourth factor, where the public interest lies. Without a stay, he argues, "voter confusion" will result from his setting hours now—or permitting county elections boards to set their own, individual hours—and then cancelling the hours, should he prevail at the Sixth Circuit or the Supreme Court. (Motion, page 4.) However, even though he relies on this factor to the near exclusion of the others, Defendant Husted offers nothing more in support. Nothing other than having to track schedule changes is cited as part of "voter confusion." This Court, aware of Defendant Husted's historical reliance on directives to explain all sorts of election-related issues, is unconvinced that he will not be able to communicate any further changes with sufficient clarity. Without further evidence of damaging "voter confusion," this Court is reluctant to stay its Order on such a speculative and slim "public interest" argument.

In sum, Defendant Husted fails to meet even the minimal requirements of the four-part test for stay pending appeal of this Court's order. He neglects to address the two "most critical" factors, and his remaining arguments are too slender to carry his burden to show that a stay is appropriate. Because Defendant Husted has not provided sufficiently compelling reasons in support of a stay, this Court declines to stay its August 31, 2012 Order.

**IV.**

As a result of the foregoing, this Court hereby **DENIES** Defendant Jon Husted's Motion for Stay.  (Doc. # 54.)

**IT IS SO ORDERED.**

**/s/ Peter C. Economus**  
**PETER C. ECONOMUS**  
**UNITED STATES DISTRICT JUDGE**
