# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **OBAMA FOR AMERICA, et al.,** | |
| Plaintiffs, | Case No. 2:12-cv-636 |
| v. | Judge Peter C. Economus |
| **JON HUSTED, et al.,** | **TRIAL ORDER** |
| Defendants. | |

This case is set for trial on **Tuesday, August 19, 2014**.  The parties and their counsel shall report to the Court's chambers no later than 8:30 a.m. on the first day of trial.

The Final Pretrial Conference is scheduled for **Tuesday, August 5, 2014** at **10:30 a.m.** Lead trial counsel for all parties shall be present and prepared with full authority to discuss settlement of the case.  All parties shall attend in person unless counsel has requested and received the Court's prior approval for a party to attend telephonically.  Parties attending telephonically must be <u>readily</u> available at all times during the conference.

## SCHEDULE

**I.    THE FOLLOWING SHALL BE FILED BY TUESDAY, JULY 22, 2014:**

    **A.    PRETRIAL STATEMENT**

Each party shall submit a pretrial statement setting forth (1) the <u>cognizable</u> claims and defenses; (2) the applicable law with <u>specific citations</u> to all statutes and case law to support each claim and defense; (3) the status of settlement negotiations; and (4) the estimated length of trial.

    **B.    JOINT STATEMENT OF CONTESTED AND UNCONTESTED FACTS**

        1.    **Plaintiffs' Proposed Facts.**  Plaintiffs shall submit a narrative statement listing all facts proposed to be proved by them at trial in support of their

claims as to liability and damages.  A failure to set forth specific facts in support of a claim pursuant to this order shall constitute a waiver of such claim.  **PLAINTIFFS SHALL SUBMIT A COPY OF THIS NARRATIVE STATEMENT TO DEFENDANTS AT LEAST ONE WEEK PRIOR TO THE DEADLINE FOR SUBMITTING THE JOINT STATEMENT.**

2. **Defendants' Response and Proposed Facts.**  Defendants shall submit a statement:

    a. indicating separately as to each statement of fact whether they contest or do not contest it;

    b. stating all additional facts proposed to be proved by them at trial in opposition to, or in defense against, the plaintiffs' claim; and

    c. stating all facts proposed to be proved by them at trial in support of their counterclaim(s), cross claim(s), or third party claim(s) IF applicable.

3. **Narration of Proposed Facts.**  In stating facts proposed to be proved, counsel shall do so in brief, simple, declarative, self-contained, consecutively numbered sentences, avoiding all "color words," labels, argumentative language and legal conclusions.  If a fact is to be offered against fewer than all parties, counsel shall indicate the parties against which the fact will (or will not) be offered. [The facts to be set forth include not only ultimate facts, but also all subsidiary and supporting facts except those offered solely for impeachment purposes.]

    To the extent feasible, counsel with similar interests are expected to coordinate their efforts and express a joint position with respect to the facts they propose to prove.  Each party may, however, list additional proposed facts relating to positions unique to it.

    For each proposed fact, the parties shall, at the time of proposing to prove that fact, list the witnesses (including expert witnesses), documents and any depositions and answers to interrogatories or requests for admissions that they will offer to prove that fact.  In their response, parties shall, (1) if they object to any such proposed fact or proposed proof, state precisely the grounds and the rule of evidence relied on for their objection and, (2) if they will contest the accuracy of the proposed fact, similarly list the witnesses, documents, depositions, interrogatories or admissions that they will offer to controvert that fact.  Objections to the admissibility of a proposed fact (either as irrelevant or on other grounds) may not be used to avoid indicating whether or not the party contests the truth of that fact.  Except for good cause shown, a party will be precluded at trial from

> offering any evidence on any fact not disclosed and from making any objection not so disclosed other than purely for impeachment purposes.
>
> The uncontested facts shall be taken at the trial as either an admission under Fed. R. Civ. P. 36 or a stipulation without the need for independent proof. A COMPREHENSIVE STATEMENT OF ADMITTED OR STIPULATED FACTS SHALL BE FILED SEPARATELY AND MADE PART OF THE RECORD.  To the extent relevant to a resolution of contested issues and otherwise admissible, these facts may be read to the jury.  Independent proof of uncontested facts will be allowed only if incidental to the presentation of evidence on contested facts or if such proof will better enable the jury to resolve contested facts.

4. **Sanctions.**  Unjustified refusal to admit a proposed fact or to limit the extent of disagreement with a proposed fact shall be subject to sanctions under Fed. R. Civ. P. 37(c). Excessive listing of proposed facts [or of the evidence to be submitted in support of or denial of such facts] imposing undue burdens on opposing parties shall be subject to sanctions under Fed. R. Civ. P. 16(f).

C. **WITNESSES**

Each party shall provide opposing counsel and the Court with a list of all witnesses to be called at trial, including potential rebuttal witnesses.  A summary of the testimony to be offered by each witness shall be included in the Joint Statement of Contested and Uncontested Facts.  No witness will be permitted to testify at trial if his or her name is not provided to opposing counsel at this time, unless the Court determines that the witness is needed to offer rebuttal testimony which could not have been reasonably anticipated prior to trial or that exceptional circumstances warrant amendment of one or both of the witness lists.  Expert witnesses will be bound by the opinions expressed in their reports prepared in accordance with Fed. R. of Civ. P. 26(a)(2)(B) and will not be permitted to offer new matters at trial.

D. **DEPOSITION TESTIMONY**

Whenever depositions (written or video) are to be used at trial, opposing counsel shall submit an index of objections to counsel offering the testimony along with a statement as to the

basis of the objection and reference to the specific rule of evidence upon which counsel relies. The proponent shall respond with a statement giving the reasons for admissibility.

Counsel shall consult in an effort to resolve any objections raised. Where objections have been raised and not resolved, those objections shall be noted in the margin of the index. The Court will make every effort to rule on the objections at the Final Pretrial Conference.

### E. EXHIBITS, CHARTS, SUMMARIES AND OTHER DEMONSTRATIVE EVIDENCE

The parties shall exchange and file an index of exhibits along with a brief description of such exhibits. If a party against whom an exhibit is being offered objects to the same, the procedure set forth in the above subsection C applies. Exhibits which have not been provided as required by this paragraph will not be received at trial. On the first day of trial, it shall be the responsibility of the parties to distribute two sets of exhibits to the Court and one set of exhibits to the Court Reporter.

## II. MOTIONS *IN LIMINE*

All legal issues of importance, including evidentiary ones, which have not been previously resolved shall be raised by written motion on or before **Tuesday, July 22, 2014**; responses shall be filed **at least three (3) days prior to the Final Pretrial Conference.**

If the qualifications of an expert witness are being challenged, the Court will conduct a Daubert hearing before trial. Daubert motions must be filed by **Tuesday, May 27, 2014**, responses must be filed by **Tuesday, June 17, 2014**, and replies must be filed by **Tuesday, July 1, 2014**. The Court expects counsel to submit thorough briefs and/or a voir dire of the expert's testimony so that the Court has sufficient evidence to perform its gatekeeping function of ensuring the expert's testimony is reliable and relevant.

**The Court will not hold bench or chamber conferences during trial to consider legal issues including evidentiary rulings that could have been raised before trial without a showing that counsel could not, by the exercise of due diligence, have anticipated them in advance of trial.**

In all cases, Pretrial Statements and motions *in limine* are to be exchanged with opposing counsel by hand delivery, fax, or e-mail.

### III. THE FOLLOWING SHALL BE FILED NO LATER THAN THREE (3) DAYS BEFORE TRIAL:

#### A. PRELIMINARY STATEMENTS

Counsel shall prepare a joint statement in simple terms describing the nature of the case including the claims and defenses of the parties to be read by the Court during jury orientation and voir dire. This statement will be used to set the context of the trial for the jury.

#### B. TRIAL BRIEFS

Each party shall serve and file a trial brief on all significant disputed issues of law, setting forth briefly the party's position and the supporting arguments and authorities.

### IV. CONTINUANCES

No party shall be granted a continuance of a trial or hearing without a written motion from the party or counsel stating the reason for the continuance, endorsed in writing by <u>all moving parties and their lead counsel</u> of record, and showing the consent of all other counsel or, if objected to, with the movant's certification of efforts to obtain such consent. The Court will not consider any motion for a continuance due to a conflict of trial assignment dates unless a copy of the conflicting assignment is attached. The motion shall be filed within fifteen (15) days of counsel becoming aware of the conflict and not less than thirty (30) days prior to trial.

## V.    COURTROOM CONDUCT AND PROCEDURE

The Trial shall be conducted from 9:00 a.m. to 4:00 p.m., Monday through Friday.  When appearing in this Court, all counsel (including, where the context applies, all persons at counsel table) shall abide by the following:

1. Stand as Court is opened, recessed or adjourned.

2. Stand when the jury enters or retires from the courtroom.

3. Stand when addressing the Court.  When making an objection, state the legal basis only. If a response is necessary, be brief, without making a speech.  If it is critical to the case that counsel be heard in more detail, a bench conference may be called to explain the basis for an objection.  Otherwise, bench conferences will not be permitted.

4. Stand at the lectern while examining any witness; except that counsel may approach the witness for purposes of handling or tendering exhibits.

5. Stand at the lectern while making opening statements or closing arguments.

6. Address all remarks to the Court, not to opposing counsel.

7. Avoid disparaging personal remarks or acrimony toward opposing counsel and remain wholly detached from any ill feeling between the litigants or witnesses.

8. Refer to all persons, including witnesses, other counsel and the parties by their surnames and not by their first or given names.

9. Only one attorney for each party shall examine or cross examine each witness. The attorney stating objections, if any, during direct examination, shall be the attorney recognized for cross examination.

10. Prior to testifying, counsel shall place before the witness all exhibits to which he or she will testify; and, at the same time, copies of said exhibits shall be handed to opposing counsel.

11. Diagrams or exhibits should be drawn or marked by the witness before taking the stand.

12. Any witness testifying at the time of recess or adjournment must be back on the witness stand when the Court reconvenes.  If a new witness is to be called, he/she must be standing in front of the witness box ready to be sworn.

13. In examining a witness, counsel shall not repeat or echo the answer given by the witness.

14. Gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.

## VI. ELECTRONIC FILING

The court hereby orders that all documents, notices and orders in this matter be filed electronically, except as provided for in the electronic filing policies and procedures manual. If it has not already been done, counsel are required to register for electronic filing as soon as possible. Information regarding electronic filing policies and procedures can be found at http://www.ohsd.uscourts.gov/cmecf.htm. It is counsel's responsibility to check e-mail regularly.

**IT IS SO ORDERED.**

**/s/ Peter C. Economus**
**UNITED STATES DISTRICT JUDGE**