IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OBAMA FOR AMERICA, et al.,<br>　　　　Plaintiffs,<br>　v.<br>JON HUSTED, et al.,<br>　　　　Defendants. | Case No. 2:12-cv-636<br>Judge Peter C. Economus<br>Magistrate Judge Norah McCann King<br>**MEMORANDUM OPINION AND ORDER** |

Presently pending before the Court is the Plaintiffs' Motion for Summary Judgment (Doc. 84). For the reasons that follow, the motion is **GRANTED**. Further, the Court **GRANTS** permanent injunctive relief to the Plaintiffs' as specified in the Judgment and Permanent Injunction filed concurrently with this Opinion and Order.

**I.**

At issue in this case are whether provisions of § 3509.03 of the Ohio Revised Code establishing a deadline of 6 p.m. on the Friday before an election for in-person early voting for non-UOCAVA voters and directives issued by Defendant Secretary of State Jon Husted establishing days and hours for in-person early voting throughout Ohio violate the Equal Protection Clause of the Fourteenth Amendment. The relevant factual and legislative background is set out in Sections I & II of the Court's Opinion and Order of August 31, 2012 (Doc. 48) ("Preliminary Injunction"), which the Court incorporates herein by reference.

In sum, following the 2004 presidential election, Ohio adopted a broad in-person early voting scheme that permitted voters to cast early ballots up to the Monday before an election. Beginning in 2011 and following a somewhat convoluted legislative history, the Ohio General Assembly passed several bills amending § 3509.03. These amendments resulted in the

1

elimination of the final three days of in-person early voting for non-UOCAVA voters. The legislation also amended the Ohio Revised Code to include two seemingly inconsistent in-person early voting deadlines for UOCAVA voters—one at 6 p.m. on the Friday before an election and a second by the close of business on the Monday before an election. *See* OHIO REV. CODE §§ 3511.02 & 3511.10.

Implementing § 3509.03, the Secretary of State issued Directive 2012-35, which set uniform in-person early voting hours to be followed by the Boards of Election of all Ohio Counties that did not include voting hours for the Saturday, Sunday, and Monday before the 2012 presidential election. Further, Husted purported to interpret the Ohio Revised Code to require the Monday deadline for UOCAVA voters as the more generous of the two inconsistent provisions, and represented that Directive 2012-35 should be interpreted to leave to the discretion of the individual Boards of Election in-person early voting hours to be adopted for UOCAVA voters.

The Plaintiffs filed the instant action on July 17, 2012, asserting that the different in-person early voting deadlines for UOCAVA and non-UOCAVA voters violated the Fourteenth Amendment's equal protection guarantee, and concurrently moved for a preliminary injunction restoring early voting to non-UOCAVA voters on the Saturday, Sunday, and Monday before the presidential election. On August 31, 2012, the Court granted the Preliminary Injunction, which provided in part:

> That Ohio Revised Code § 3509.03 is unconstitutional to the extent it changes the deadline for in-person early voting *from* the close of business on the day before Election Day *to* 6 p.m. on the Friday before Election Day; *and*
>
> That Substitute Senate Bill 295's enactment of Ohio Revised Code § 3509.03 with the Amended Substitute House Bill 224 amendments violates the Equal Protection Clause of the United States Constitution.
>
> **FURTHER,** this Court **HEREBY ORDERS** that the State of Ohio through

2

>Defendant Secretary of State Jon Husted **IS ENJOINED** from implementing or enforcing Ohio Revised Code § 3509.03 in Amended Substitute House Bill 224 and/or the Substitute Senate Bill 295 enactment of Ohio Revised Code § 3509.03 with the Amended Substitute House Bill 224 amendments; ***and***
>
>**IT IS FURTHER ORDERED** that in-person early voting **IS RESTORED** on the three days immediately preceding Election Day for all eligible Ohio voters. And specifically, for the purposes of the 2012 General Election, this Order restores in-person early voting to all eligible Ohio voters on Saturday, November 3, 2012; Sunday, November 4, 2012; and Monday, November 5, 2012. This Court anticipates that Defendant Secretary of State will direct all Ohio elections boards to maintain a specific, consistent schedule on those three days, in keeping with his earlier directive that only by doing so can he ensure that Ohio's election process is "uniform, accessible for all, fair, and secure."

(Preliminary Injunction at 22–23.)  The Court's decision was upheld by the Sixth Circuit on October 5, 2012.  *See Obama for Am. v. Husted*, 697 F.3d 423 (6th Cir. 2012).

On October 16, 2012, following exhaustion of appeals, Husted issued Directive 2012-50, which established uniform in-person early voting hours for UOCAVA and non-UOCAVA voters for the three days before the presidential election as follows:

- From 8:00 a.m. to 2:00 p.m. on Saturday, November 3, 2012;
- From 1:00 p.m. to 5 p.m. on Sunday, November 4, 2012; and
- From 8:00 a.m. to 2 p.m. on Monday, November 5, 2012

(*See* Doc. 84-1 at 7.)

The presidential election came and went and, in February 2014, the Ohio General Assembly passed, and Governor John Kasich signed into law Substitute Senate Bill 205 and Amended Senate Bill 238.  These bills contained amendments to §§ 3509.03, 3511.02, and 3511.10 that went into effect on June 1, 2014.  However, the bills made no changes to the disparate deadlines for in-person early voting for UOCAVA and non-UOCAVA voters originally at issue in this lawsuit, and those deadlines remain codified in the Ohio Revised Code.  On February 25, 2014, Husted issued Directive 2014-06, which sets business hours for in-person

3

early voting for the 2014 primary and general elections.  The directive provides:

> The hours I am setting for the May 6, 2014 Primary Election and November 4, 2014 General Election should be familiar to all of you as they reflect the bipartisan recommendations set forth in the Ohio Association of Election Officials (OAEO) proposal on absentee voting. To date, your OAEO plan is the only voting schedule that has garnered support from Republicans and Democrats, balancing both access for the voter and the legitimate administrative and cost concerns for large, medium and small counties.

(Doc. 84-1 at 9.)  While Directive 2014-06 does provide for voting hours of between 8:00 a.m. and 4 p.m. for Saturday, November 1, 2014, it provides no voting hours for Sunday, November 2nd and Monday, November 3rd, the two days immediately before the general election.  (*See* Doc. 84-1 at 10.)

The Plaintiffs have now moved for summary judgment and request the Court to enter a permanent injunction enjoining Husted from enforcing the 6 p.m. Friday in-person early voting deadline for non-UOCAVA voters codified in § 3509.03 and requiring Husted to restore in-person early voting to the three days immediately preceding all future election days.

## II.

### A.

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting prior version of FED. R. CIV. P. 56).  The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-

movant's claim. *Id.* at 323–25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation and citation omitted).

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

**B.**

In order to be granted permanent injunctive relief, a plaintiff must demonstrate actual success on the merits of its claims. *ACLU of Ky. v. McCreary Cnty.*, 607 F.3d 439, 445 (6th Cir. 2010). Noting that there exists no dispute of material fact, the Court first concludes that the Plaintiffs have demonstrated that they are entitled to judgment as a matter of law as to the merits of their claim that § 3509.03's 6 p.m. Friday deadline for in-person early voting for non-UOCAVA voters is unconstitutional. As the Court held in the Preliminary Injunction:

> On balance, the right of Ohio voters to vote in person during the last three days prior to Election Day—a right previously conferred to all voters by the State—outweighs the State's interest in setting the 6 p.m. Friday deadline. The burden on Ohio voters' right to participate in the national and statewide election is great, as evidenced by the statistical analysis offered by Plaintiffs and not disputed by Defendants. Moreover, the State fails to articulate a precise, compelling interest in establishing the 6 p.m. Friday deadline as applied to non-UOCAVA voters and

5

> has failed to evidence any commitment to the "exception" it rhetorically extended to UOCAVA voters. Therefore, the State's interests are insufficiently weighty to justify the injury to Plaintiffs. *See Anderson v. Celebrezze*, 460 U.S. 780, 798 (1983).
>
> The issue here is *not* the right to absentee voting, which, as the Supreme Court has already clarified, is not a "fundamental right." *McDonald v. Bd. of Election Commissioners*, 394 U.S. 802, 807 (1969). The issue presented is the State's redefinition of in-person early voting and the resultant restriction of the right of Ohio voters to cast their votes **in person** through the Monday before Election Day. This Court stresses that where the State has authorized in-person early voting through the Monday before Election Day for all voters, **"the State may not, by later arbitrary and disparate treatment, value one person's vote over that of another."** *Bush v. Gore*, 531 U.S. 98, 104-05 (2000). Here, that is precisely what the State has done.

(Preliminary Injunction at 21 (emphasis in original).)  Here, the Defendants have offered no new evidence tending to refute that which the Court relied upon in issuing the Preliminary Injunction. Nor have they challenged the Court's legal conclusions that the Plaintiffs had demonstrated a likelihood of success as to the merits of their claims.  Accordingly, the Court holds that the Plaintiffs have demonstrated that § 3509.03 is unconstitutional to the extent it treats UOCAVA voters more favorably than non-UOCAVA voters with regard to in-person early voting.

Having determined that the Plaintiffs have succeeded on the merits of their claims, the Court next considers whether a grant of permanent injunctive relief is appropriate and the scope of that relief.  The Defendants do not oppose the grant of such relief and concede that any injunction issued by the Court must require equal in-person early voting hours for all eligible voters.  The Plaintiffs ask the Court to require Husted to set in-person early voting hours for the final three days before all future elections consistent with Directive 2012-50, which established hours for the 2012 presidential election.  On the other hand, the Defendants assert that the voting schedule established by Directive 2014-06 remedies the constitutional infirmities of the Ohio Revised Code because it treats all voters equally.  In the Defendants' view, Directive 2014-06

6

thus serves as a model for the relief appropriate in this case. The Court, however, disagrees.

As noted by the Plaintiffs, Directive 2014-06 is inconsistent with the Preliminary Injunction in that it does not allow for in-person early voting on the final two days before the 2014 general election. The loss of the three final days of early voting for non-UOCAVA voters goes to the heart of amended § 3509.03's constitutional deficiencies as determined by the Court in both 2012 and today. As stated *supra*, the Ohio Revised Code still contains differing and inconsistent in-person early voting deadlines for UOCAVA and non-UOCAVA voters. Accordingly, Directive 2014-06 cannot serve as a remedy to the statutory problems, especially given that Directive 2014-06 only applies to the 2014 elections and there is no guarantee that Husted or another Secretary of State would adopt similar hours for future elections. As also noted by the Plaintiffs, Directive 2014-06 is facially inconsistent with § 3511.10's in-person early voting deadline for UOCAVA voters of the close of business on the Monday before an election.

Further, Directive 2014-06 does not expressly mention UOCAVA voters. The Court is concerned by this fact because Directive 2012-35 also did not expressly do so, and Husted took the position that that directive should be interpreted to allow individual county Boards of Election discretion as to when to set UOCAVA in-person early voting hours on the three days preceding the 2012 presidential election. Finally, while Directive 2014-06 may adopt an election schedule approved by the Ohio Association of Election Officials ("OAEO"), the fact that the OAEO is a non-partisan body is not relevant to the constitutional deficiencies of § 3509.03 nor to the appropriate remedy in this case.

Accordingly, as specified in the Judgment and Permanent Injunction issued herewith, the Court will require Secretary of State Husted to set uniform and suitable in-person early voting

hours for all eligible voters for the three days preceding all future elections.  However, the Court declines to mandate specific voting hours as requested by the Plaintiffs in that historically voter turnout is lower in a non-presidential election year.  Even with this fact in mind, Husted must set in-person early voting hours that are consistent with this Opinion and Order and the Judgment and Permanent Injunction.

### III.

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment (Doc. 84) is **GRANTED**.  The Court concurrently issues permanent injunctive relief against the Defendants and the Clerk is directed to close this matter.

**IT IS SO ORDERED.**

                                                  **/s/ Peter C. Economus**
                                                  **UNITED STATES DISTRICT JUDGE**